FRANCES T. BEARD, *Appellant,* v. JOHN GRAHAM VISER, *et al., Appellees.*

Opinion Filed September 13, 1923.

1. Under the common law no court could have its process executed beyond its territorial jurisdiction; but the rule of the common law was modified in this State by Chapter 3721 Acts of 1887, Laws of Florida, and by Chapter 4986 Acts of 1901, Laws of Florida.

2. Chapter 4986 Acts of 1901, Laws of Florida, (now Sec. 3106 R. G. S.) is ample authority when application is made for appointment of a receiver to take charge of real or personal property or both, where the property is situated in more than one judicial circuit of the State and the application is duly made to the judge of the judicial circuit in which the main place of business, office or residence of the defendant is situated. The court to which such application is properly made has exclusive jurisdiction for the purposes of the suit.

3. The power of the Circuit Judge to appoint a receiver when proper showing is made is well settled in this State, and in this case all defendants being covered by the spirit and intent of the statute are covered by the letter of the law.

An Appeal from the Circuit Court for Manatee County; M. A. McMullen, Judge.

Order affirmed.

*Jackson & Dupree,* for Appellant;

*E. B. Drumright,* for Appellees.

TERRELL, J.—The facts in this case are in substance that James H. Viser, a resident of Manatee County, Florida, died in August, 1910, seized and possessed of a certain estate situate in the Counties of Manatee and Hillsborough; that the said James H. Viser made a will naming his daughter Jane M. Smith as executrix thereof, and that the said will was duly probated in Manatee County; that on March 24, 1920, John Graham Viser and other devisees under the said will brought suit in equity in Manatee County, Florida, against Jane M. Smith as executrix and others to compel performance of the terms of the said will, and that on the 14th day of September, 1921, the Judge of the Circuit Court entered a decree removing the said Jane M. Smith as executrix, and appointing C. B. Dickins as receiver of the court to take charge of, preserve, manage and dispose of all the property belonging to the said estate.

On January 4, 1923, C. V. Dickins as such receiver bargained to sell to Frances T. Beard for $6,300.00 that portion of the lands belonging to the said estate described as follows: Lot 24 of Mitchell's Sub-Division of Lot 6; the East half of Lot 8; all of Lot 9, and the West half of Lot 10, of Block 11 of Lesley's Sub-division of East Tampa, Hillsborough County, Florida, and the said sale was promptly confirmed by the court, and C. V. Dickins as

receiver directed to execute and deliver to the said Frances T. Beard his deed conveying said described lands to her on payment of the agreed purchase price.

Frances T. Beard declined to accept the said deed and pay the consideration therefor on the ground that the Court was without authority to remove the said Jane M. Smith as executrix and appoint C. V. Dickins as receiver for that part of the estate of James H. Viser situated in Hillsborough County; but on application of said C. V. Dickins the Judge of the Circuit Court of Manatee County, on January 11, 1923, entered an order requiring the said Frances T. Beard to accept and receive the said deed from C. V. Dickins as receiver, and to pay the purchase price thereof.

The sole question for determination by this court is whether or not C. V. Dickins as receiver has authority to convey title to that portion of the estate of James H. Viser situated in Hillsborough County, Thirteenth Judicial Circuit, the order of appointment of said Dickins having been made by the Judge of the Circuit Court of Manatee County in the Sixth Judicial Circuit of Florida.

Under the common law no court could without legislative authority send and have its process executed beyond its territorial boundaries. This rule of the common law was never written into our constitution, but seems to have prevailed in this State prior to the enactment of Chapter 3721 of the Acts of 1887, Laws of Florida (Section 1 of which is now Section 2598, Revised General Statutes of Florida). State ex rel. Trustees I. I. Fund v. Jacksonville, P. & M. R. R. Co., 15 Fla. 201; Chapman v. Reddick, 41 Fla. 120, 25 South. Rep. 673.

The rule of the common law as above stated was further modified by Chapter 4986, Acts of 1901, Laws of Florida (now Section 3106, Revised General Statutes of Florida),

which was enacted pursuant to Section 12 of Article 5 of the Constitution, and seems to be a complete answer to the question raised here.

Section 12, Article 5: ''The Circuit Courts and Circuit Judges may have such extra territorial jurisdiction in chancery cases as may be prescribed by law.''

Section 3106, Revised General Statutes: ''Whenever an application shall be made for the appointment of a receiver to take charge of either real or personal property, or both, and the property is situated in more than one of the judicial circuits of the State of Florida, the court in appointing said receiver shall have jurisdiction over the entire property for the purposes of that suit; Provided, That the application for appointment of the receiver must be made to the judge of a judicial circuit in which the principal or main place of business, residence or office of the defendant is situated; and the court to which such application is made shall have exclusive jurisdiction thereof, and any action on the application by the said court, either affirmative or negative, shall be final, subject, however, to a right of appeal.''

To the jurisdiction of the court over the parties and subject-matter no issue is presented, and the power of the court to appoint a receiver when the proper showing is made is too well settled for argument.

The order appealed from is a mere incident to the administration of the estate of James H. Viser. It also appears that the application for appointment of the receiver was made to the Judge of the Sixth Judicial Circuit, where the ''principal or main place of business, residence and office'' of the main defendant is situated, that for the purposes of this suit the Judge of the said Circuit has jurisdiction over the entire property in litigation and

that all the defendants being covered by the spirit and intent of the law are covered by the letter of the law.

. The order appealed from is therefore affirmed.

TAYLOR, C. J., AND WHITFIELD, ELLIS, BROWNE AND WEST, J. J., concur.